People v Hunter (2019 NY Slip Op 08773)





People v Hunter


2019 NY Slip Op 08773


Decided on December 5, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2019

Richter, J.P., Gische, Webber, Gesmer, JJ.


5461/12 -5639/13 10498B 10498A 10498

[*1] The People of the State of New York, Respondent,
v
Emmitt Hunter, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Megan D. Byrne of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Patricia Curran of counsel), for respondent.



Judgment, Supreme Court, New York County (Charles H. Solomon, J. at suppression hearing; Ronald A. Zweibel, J. at jury trial and sentencing), rendered March 18, 2015, convicting defendant of criminal possession of a weapon in the third degree, and sentencing him to a term of 12 years, and judgments, same court (Jill Konviser, J.), rendered June 2, 2015, convicting defendant, upon his pleas of guilty, of two counts of attempted murder in the second degree, and sentencing him to a term of 7 years to run concurrently with the sentence on the weapon possession conviction and another term of 7 years to run consecutively to the sentence on the weapon possession conviction, unanimously affirmed.
The court properly denied defendant's suppression motion. While investigating a radio run of a man bleeding from his hand and a radio run of a shooting in the same vicinity, the officers saw defendant, who was walking, stop "immediately" upon seeing the officers. Defendant was observed to have some kind of "bulge" or "weighted object" in the right sleeve of his leather jacket, in the forearm area. The bulge was observed to be significantly larger than the left sleeve. As one of the officers approached defendant he noticed defendant's hand "go into his sleeve" and his arm move "slowly back." He also saw that the object in the sleeve was "heavy." When asked by the officer, "[W]hat's going on[?]" defendant was unresponsive. As the officer drew closer, he grabbed the bulge in defendant's right sleeve and immediately determined it to be a gun.
The testifying officer's observation of a "weighted" bulge in the forearm area of defendant's right sleeve justified, at least, a common-law inquiry (see People v DeBour, 40 NY2d 210, 223 [1976]). Defendant's unresponsiveness to the officer's question, "[W]hat's going on[?]" and his pulling his hand into the sleeve toward the bulge, while the officer approached him, justified the officer's minimally intrusive safety precaution of grabbing the bulge, which turned out to be a revolver (see People v Perez, 142 AD3d 410, 415-416 [1st Dept 2016], affd 31 NY3d 964 [2018]; see also People v Benjamin, 51 NY2d 267, 271 [1980]).
Defendant's claim that his trial counsel rendered ineffective assistance in connection with the plea proceedings by failing to ascertain that defendant was mistaken in his insistence that he was a United States citizen is unreviewable on the present record (see People v Nunez, 158 AD3d 566 [1st Dept 2018], lv denied 31 NY3d 1120 [2018]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of this claim may not be addressed on appeal.
Defendant's claim that the court failed to review the minutes of the grand jury presentation is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we find no basis for a remand to the trial court for the purpose of a review of the grand jury minutes.
We have considered and rejected defendant's claim that the sentence on the weapon possession conviction should be reduced as excessive.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 5, 2019
CLERK